**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| ONDOVA LIMITED COMPANY, § | | |
| § | Case No. 09-34784-SGJ-7 | |
| Debtor. § | Chapter 7 | |
| § | | |
| JEFFREY BARON, § | U.S.D.C. No. 3:16-CV-00947-M | |
| § | | |
| Plaintiff, § | Adversary No. 14-3121-SGJ | |
| § | | |
| v. § | | |
| § | | |
| DANIEL J. SHERMAN, et al., § | | |
| § | | |
| Defendants. § | | |

## ORDER

Before the Court is United States Bankruptcy Judge Stacey G.C. Jernigan's Report and Recommendation, which recommends that the Court grant Defendants' Motion to Dismiss for Failure to State a Claim. (ECF No. 7-1). For the reasons stated below, Judge Jernigan's Report and Recommendation is **ADOPTED**. Plaintiff's objections are overruled, and the Motion to Dismiss is **GRANTED**.

Also before the Court is Plaintiff's Motion for Leave to File First Amended Complaint. (ECF No. 13-19).[1] For the reasons stated below, the Motion for Leave is **DENIED**.

**I. Factual and Procedural Background**

Plaintiff Jeffrey Baron was the former principal of Ondova Limited Company ("Ondova"). On July 27, 2009, Ondova filed for bankruptcy. Daniel J. Sherman (the "Trustee") was appointed to administer the bankruptcy estate. The Trustee employed the law firm of Munsch Hardt Kopf & Harr, P.C. ("Munsch Law Firm") to help carry out his official duties.

---

[1] Plaintiff's Motion for Leave was docketed as ECF No. 71 in the adversary proceeding.

1

On July 29, 2010, the bankruptcy court approved the Global Settlement Agreement ("GSA") that was intended to resolve all disputes among Ondova, Plaintiff, non-debtor entities affiliated with Plaintiff, and creditors. *In re Ondova Limited Company*, No. 9-34784-SGJ-11 (Bankr. N.D. Tex. July 29, 2010). Apparently concerned with Plaintiff's compliance with the GSA, the Trustee also moved to appoint a receiver over Plaintiff's assets, which the Court granted.[2] *See Netsphere, Inc. v. Baron*, No. 9-CV-988-L (N.D. Tex. Feb. 3, 2011).

Plaintiff thereafter instituted an adversary proceeding, asserting the following claims: (1) breach of contract against the Trustee[3] for alleged breach of the GSA, (2) fraud against the Trustee and Munsch Law Firm for alleged misrepresentations related to the GSA, (3) malicious prosecution against the Trustee and Munsch Law Firm related to their motion to appoint a receiver, and (4) gross negligence against the Trustee for alleged neglect of his duties. (*See* Compl. ¶¶ 36-41, ECF No. 13-18). The Court granted Plaintiff's Motion to Withdraw Reference in the adversary proceeding and prospectively referred all pretrial matters to the bankruptcy court. (*See* ECF No. 5). Defendants then moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The bankruptcy court recommends that the Court grant Defendants' motion. (*See* ECF No. 7-1). Plaintiff objects to the recommendation and concurrently moves for leave to file an amended complaint. (*See* ECF No. 13-19).

---

[2] The Fifth Circuit later held that the appointment of the receiver was unlawful. *See Netsphere, Inc. v. Baron*, 703 F.3d 296, 302 (5th Cir. 2012) ("[A] court lacks jurisdiction to impose a receivership over property that is not the subject of an underlying claim or controversy.").

[3] As a general rule, Plaintiff must obtain leave of the bankruptcy court before filing a suit against a trustee. *See Davis v. Gray*, 83 U.S. 203, 218 (1872). This rule does not apply if a lawsuit is commenced in the bankruptcy court that directed the trustee's appointment. *See In re Provider Meds, LP*, 514 B.R. 473, 476-77 (Bankr. N.D. Tex. 2014).

**II. Objections to the Bankruptcy Court's Report and Recommendation**

   a. **Legal Standard**

The Report and Recommendation of Judge Jernigan is reviewed *de novo* by the Court. *See* FED. R. BANKR. P. 9033; *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1958 (2015). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The Court must accept all of the plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the pleader is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

   b. **Analysis**

The Court agrees with Judge Jernigan's Report and Recommendation. Various immunity doctrines bar Plaintiff's breach of contract, fraud, and malicious prosecution claims. Plaintiff also fails to adequately plead gross negligence.

The Trustee has absolute immunity when acting pursuant to a court order. *See Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981). The Trustee also has qualified immunity against claims for personal harm when acting within the scope of his official duties.[4] *See In re*

---

[4] The Trustee has no immunity against a beneficiary's claims for injury to the bankruptcy estate. *See In re Smyth*, 207 F.3d 758, 762 (5th Cir. 2000). In such cases, the Court evaluates a trustee's conduct for gross negligence. *Id.*; *see also In re Schooler*, 725 F.3d 498, 500-503, 516 (5th Cir. 2013). Because Plaintiff is asserting breach of contract, fraud, and malicious prosecution claims for personal harm caused by the Trustee's actions, not for injury to

*McKenzie*, 716 F.3d 404, 413 (6th Cir. 2013); *In re J & S Properties, LLC*, 545 B.R. 91, 114 (Bankr. W.D. Pa. 2015).  Accordingly, the Trustee is subject to liability when acting *ultra vires*, or outside the scope of any court orders or his official duties.  *See McKenzie*, 716 F.3d at 413.  The *ultra vires* exception, however, has been narrowly applied to where there was "the actual wrongful seizure of property by a trustee."  *See id.* 716 F.3d at 415; *see also Teton Millwork Sales v. Schlossberg,* 311 F. App'x 145 (10th Cir. 2009); *Leonard v. Vrooman,* 383 F.2d 556, 560 (9th Cir. 1967); *In re Happy Hocker Pawn Shop, Inc.*, 212 F. App'x 811, 815-18 (11th Cir. 2006).

All of the Trustee's actions allegedly constituting breach of contract, fraud, or malicious prosecution were committed pursuant to a court order or as part of the Trustee's official duties.  *See also McKenzie*, 716 F.3d at 416 (A bankruptcy trustee is generally appointed to "take charge of the debtor's estate, collect assets, bring suit on the debtor's claims against other persons, defend actions against the estate, and otherwise administer the estate.").  For example, Plaintiff alleges that the GSA required the Trustee to file a joint stipulation of dismissal on a related case, and that the Trustee's failure to do so constitutes breach of the GSA.  (*See* Compl. ¶ 14).  Judge Jernigan, however, specifically noted that the related case is to remain open, "so that there will be [a] for[um] in which the parties can seek relief to enforce or interpret the [GSA]."  (*See* Oct. 13, 2010, R. & R. at 3 n.2, ECF No. 13-6).  Plaintiff further alleges that the Trustee's request for a receivership over Plaintiff's assets constitutes malicious prosecution.  Plaintiff, however, fails to plausibly allege that this request exceeded the scope of the Trustee's official duty to administer and preserve the estate.  (*See also id.* at 3-4 (noting Trustee's concerns about Plaintiff's actions exposing the bankruptcy estate to claims and delaying effective administration

---

the estate,the Court does not apply the gross negligence standard here.

of the estate)); *Baron*, 703 F.3d at 308-11. Overall, the Court emphasizes that merely alleging that the Trustee's actions were wrongful, improper, or ineffective is not sufficient to overcome immunity.[5] Plaintiff must plausibly allege that the nature of the Trustee's conduct is inconsistent with his authority, and Plaintiff fails to do so. Nothing in the Complaint suggests, for example, that the Trustee wrongfully seized any property.[6] In fact, the record suggests that the Trustee, at all times, provided periodic reporting to the bankruptcy court, sought orders from it frequently, and acted to carry out his official duties as Trustee. The Trustee is therefore protected by absolute or qualified immunity on Plaintiff's breach of contract, fraud, and malicious prosecution claims.

Furthermore, any immunity held by the Trustee extends derivatively to the Munsch Law Firm, to the extent that the firm was acting "at the direction of the trustee and for the purpose of administering the estate or protecting its assets." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993). Plaintiff has not alleged any facts suggesting that the Munsch Law Firm was deviating from the Trustee's direction, so it is likewise entitled to immunity. To the extent Munsch Law Firm is not derivatively covered under the Trustee's immunity, it would be independently protected by attorney immunity. *See Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 349 (5th Cir. 2016) (holding that attorneys are entitled to immunity under Texas law from suit by non-clients, unless the attorney's conduct "d[oes] not involve the provision of legal services" or is "entirely foreign to the duties of any attorney"); *see also Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (Even conduct that is "wrongful in the context of the

---

[5] As noted by Judge Jernigan, Plaintiff has the right to address his dissatisfaction with the Trustee's actions by objecting to the Trustee's motions, moving for sanctions under Federal Rule of Civil Procedure 11, or moving to remove the Trustee for cause under 11 U.S.C. § 324. (*See* Bankr. R. & R. at 54-55).

[6] Plaintiff alludes to the Trustee seizing Plaintiff's assets, but this was actually done by the appointed receiver pursuant to a court order.

5

underlying suit" is not actionable if it is "part of the discharge of the lawyer's duties in representing his or her client."). Plaintiff does not allege that the Munsch Law Firm has a connection to this matter in some standalone capacity, outside of its representation of the Trustee, so it is entitled to attorney immunity. Plaintiff therefore fails to state a claim for fraud or malicious prosecution against Munsch Law Firm.

As to the gross negligence claim, Plaintiff alleges two theories of liability: for personal harm and for harm to the bankruptcy estate.[7] The Trustee has immunity over Plaintiff's claim for personal harm, for reasons discussed above. For harm to the bankruptcy estate, Plaintiff is seeking to impose liability on a surety bond. 11 U.S.C. § 322(a) requires that the Trustee obtain a surety bond, issued here by Liberty Mutual Insurance Company, to secure the "faithful performance" of his official duties, and any party in interest may recover from the bond for the Trustee's gross negligence. *See* FED. R. BANKR. P. 2010(b); *In re Smyth*, 207 F.3d 758, 762 (5th Cir. 2000). Gross negligence is:

> [t]he intentional failure to perform a manifest duty in reckless disregard of the consequences . . . . It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It amounts to **indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected**.

*Id.* (quoting BLACK'S LAW DICTIONARY 1033 (6th ed. 1990)) (emphasis added).

---

[7] Overall, Plaintiff argues that (1) the Trustee "had an obligation under the GSA and under 11 U.S.C. § 1106, to promptly resolve the Ondova Chapter 11 case, pay the legitimate claims of the Administrative, Priority and Unsecured Creditors through a confirmed plan of reorganization;" (2) the Trustee was "obligated under the GSA to promptly resolve [a related case] through the filing of a joint stipulation of dismissal with prejudice;" (3) the Trustee "failed to set an administrative claims bar date . . . to close the gate on any further administrative claims;" (4) the Trustee "actively solicited the filing in the Ondova bankruptcy of the claims of attorneys who were not even creditors of Ondova;" (5) the Trustee "failed to object to the Pronske Substantial Contribution Claim;" and (6) the Trustee "filed an application to have an equity receiver appointed over Jeffrey Baron and his assets, and then proceeded to dissipate the remaining funds in the Ondova Bankruptcy Estate in attorneys fees defending the appointment of a receiver." (*See* Compl.¶¶ 46-47).

Plaintiff fails to sufficiently plead gross negligence. Nothing in the Complaint suggests that the Trustee did not faithfully perform his statutory and fiduciary duties or disobeyed any court orders. *See also* 3 Collier on Bankruptcy 322-24 (Alan R. Resnick & Henry J. Sommer, eds., 2016) (noting that a surety is typically bound to pay loss resulting from failure of the trustee to obey court orders, to account for assets of the estate, or to perform his official duties). Plaintiff merely alleges that the Trustee took actions that Plaintiff disagreed with or were not as timely as Plaintiff wished, or failed to take actions that Plaintiff considered prudent. The Court agrees with Judge Jernigan that, at worst, the Trustee demonstrated "less-than-perfect litigation judgment at times and may have failed to act with the swiftest possible speed." (R. & R. at 50). *Compare In re Schooler*, 725 F.3d 498 (5th Cir. 2013) (finding gross negligence where trustee failed to act in the face of "obvious danger" that the debtors would misappropriate inherited assets belonging to the bankruptcy estate) *with In re Smyth*, 207 F.3d at 762 (affirming that a trustee was not grossly negligent in incurring a penalty for late filing). Much of Plaintiff's Complaint refers to the Trustee's decision to seek a receivership over Plaintiff's assets, but it fails to allege any "indifference to present legal duty and to utter forgetfulness of legal obligations." *In re Smyth*, 207 F.3d at 762. In fact, the Fifth Circuit specifically noted that the Trustee's decision was driven by "an effort to conserve" the bankruptcy estate. *See Baron*, 703 F.3d at 313. Accordingly, Plaintiff fails to state a claim for gross negligence.

### III. Motion for Leave to File First Amended Complaint

#### a. Legal Standard

Rule 15(a)[8] provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P 15(a); *see also Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598

---

[8] Because Plaintiff sought leave to amend before any deadline set by the bankruptcy court's Scheduling Order, the Court need not evaluate Plaintiff's Motion under Federal Rule of Civil Procedure 16(b). *See S&W Enterprises,*

7

(5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."). Leave to amend is to be liberally granted unless the movant has "acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile." *See Jebaco Inc. v. Harrah's Operating Co. Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).

   b. **Analysis**

Any further attempts to amend would be futile and unnecessarily delay the resolution of this action. Plaintiff's proposed amended complaint supplements existing allegations and raises new claims against the Trustee and Munsch Law Firm.[9] However, Plaintiff again fails to plausibly allege that his claims are not barred by absolute or qualified immunity. The Court finds that Plaintiffs have stated their best case and cannot improve the allegations as pleaded. Accordingly, Plaintiff's Motion for Leave is **DENIED**.

IV. **Conclusion**

For the reasons stated above, the Report and Recommendation of Judge Jernigan is **ADOPTED**. Plaintiff's objections are overruled, and Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Leave is **DENIED**. Accordingly, Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

---

*L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).

[9] Plaintiff raises the following: fraud on the court, abuse of process, civil conspiracy, aiding and abetting breach of fiduciary duty, and violations of the Fourth, Fifth, Sixth, and Eight Amendments of the U.S. Constitution. (*See* Proposed Am. Compl. ¶¶ 164-234).

**SO ORDERED.**

January 26, 2018.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**